IN THE MATTER OF THE APPLICATION OF SAN-
FORD B. DOLE, Governor, GEORGE R. CARTER,
Secretary, A. N. KEPOIKAI, Treasurer, J. H. FISHER,
Auditor, A. T. ATKINSON, Superintendent of Public
Instruction and LORRIN ANDREWS, Attorney Gen-
eral, as the Board of Public Institutions of the Territory,
for a Writ of Mandamus against HENRY E. COOPER,
as Superintendent of Public Works of the Territory.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED NOVEMBER 6, 1903. DECIDED NOVEMBER 17, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An Act entitled "An Act providing for the organization and government
of counties and districts, and the management and control of
public works and institutions therein" is invalid as to so much
thereof as purports to create a Territorial board of public institu-
tions and to transfer to it matters theretofore belonging to the
Territorial Superintendent of Public Works, and with which the
counties were to have nothing to do,—in view of Sec. 45 of the
Organic Act, which provides "that each law shall embrace but one
subject, which shall be expressed in its title."

OPINION OF THE COURT BY FREAR, C.J.

This is an appeal from an order denying a writ of mandamus
to compel the respondent to deliver to the petitioners the con-
trol of all matters relative to harbors, wharves, pilots and tow-
age, and of all property used in connection therewith, and the
control and management of the executive and judiciary build-
ings at Honolulu, as required in terms by Sections 484 and 485

of Act 31 of the Laws of 1903, commonly known as the County Act.

Chapter 64 (Secs. 380-391) of that Act purports to create a Board of Public Institutions consisting of the Governor, Secretary, Treasurer, Auditor, Superintendent of Public Instruction and the Attorney General of the Territory and to prescribe its powers and duties. It purports to transfer to it many powers and duties which have hitherto belonged to the Superintendent of Public Works. The defense is that this chapter is null and void because it conflicts with the Organic Act and more particularly (1) Sec. 80, which provides that the Governor shall appoint, with the advice and consent of the Senate, certain officers and boards and "any other boards of a public character that may be created by law," in that it creates a board of a public character not appointed by the Governor at all as to two of its members (the Governor and Secretary, who are appointed by the President) nor appointed by him as members of the Board as to any of the members, although all except the Governor and Secretary are appointed by him to their other respective offices; (2) Sec. 45, which provides "that each law shall embrace but one subject, which shall be expressed in its title; (3) Sec. 75, which provides that there shall be a Superintendent of public works with powers and duties over certain specified matters, though subject to modification by the legislature, in that it takes from such Superintendent a substantial part of such powers and duties; and (4) Sec. 46, which provides, among other things, that, except under certain circumstances, a bill, in order to become a law, shall pass three readings in each house and that the final passage shall be by ayes and noes entered on the journal, in that, as contended, the House journal shows merely that the report of the conference committee was adopted by the House in the manner mentioned and does not show that the bill passed third reading in that body.

In sustaining the order appealed from we base our opinion upon the second of these grounds, and express no opinion upon the others.

It is true that the provision of the Organic Act "that each law shall embrace but one subject, which shall be expressed in its title" should be liberally construed, and that an act of the legislature should not be held void on the ground that it conflicts with this provision, except in a clear case. It is sufficient if the various parts of an act have a natural connection, are fairly well embraced in one subject, though somewhat general, and expressed in the title. See *In re Walker,* 9 Haw. 171; *Carter County v. Sinton,* 120 U. S. 517.

But is this the case with the Act in question? Its title is "An Act Providing for the Organization and Government of Counties and Districts, and the Management and Control of Public Works and Public Institutions therein." We presume this title is unobjectionable from the mere fact that it is in two clauses, each of which in form sets forth a separate subject. The mere form is of little consequence. Much room must be left for the exercise of legislative discretion in the wording of the title. It is unobjectionable that to the first clause of the title in question there is added the second in so far as county works and institutions are provided for in the Act, and doubtless these might be provided for incidentally under the first clause if the second were omitted. How far provisions relating to Territorial as distinguished from County matters could properly be included in the Act incidentally or because they could not very well be separated or as declaratory provisions in order to make clear the precise line of separation, we need not say. In this instance the legislature did not attempt to do anything of that kind. It attempted to create a distinctively Territorial board of public institutions and to transfer to it from distinctively Territorial officers matters in respect of which the counties were clearly to have nothing to do and in respect of some of which they in the very nature of the case would have nothing to do. It acted as if the title were "An act providing (1) for the organization and government of counties and districts and (2) the management and control of Territorial works and institutions." This was clearly inconsistent with the provision of the Organic Act above quoted.

Accordingly we must hold that such portions of the County Act as were designed to create a Territorial board of public institutions and to transfer to it duties and powers theretofore belonging to the Superintendent of Public Works is invalid, namely, Chapter 64 of Act 31 of the Laws of 1903, and Sections 484 and 485 and any other portions of said Act necessarily dependent thereon.

The order or decree appealed from is affirmed.

*Attorney General L. Andrews* for petitioners.

*Kinney, McClanahan & Cooper and S. H. Derby* for respondent.